**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24 CR 113 RWS (SRW) |
| | ) |
| MICHAEL NELSON MINTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Pretrial Detention. (ECF No. 4). The Court held a detention hearing on April 24, 2024. After considering all of the evidence in this case, the Government's request for pretrial detention is denied.

## BACKGROUND

Mr. Minter is charged with possession of child pornography. (ECF No. 1). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Mr. Minter poses a serious risk of being a danger to the community. The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 15). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue.

Mr. Minter is 41 years old and has lived in St. Louis since 1997. For the past six years he has lived with his sister in a home owned by his parents. Mr. Minter graduated from high school and attended college without earning a degree. He has worked for the same company for approximately five years and contributes to the monthly expenses of his residence. Mr. Minter does not possess a passport and has not left the country as an adult. He is financially stable, physically healthy, and suffers from no mental health issues. Mr. Minter does not have a history of substance abuse.

Mr. Minter pleaded guilty to a state charge of Possession of Child Pornography in 2017. The court suspended the imposition of sentence ("SIS"), and he successfully completed five years of probation. He has no history of failing to appear in court, no history of violence, and no outstanding warrants. He is in compliance with the Missouri Sex Offender Registry.

The Government alleges that between June 1, 2021, and June 23, 2023, Mr. Minter possessed thousands of images and hundreds of videos of child pornography. It further alleges he used peer-to-peer programs to download child pornography and has unregistered social media accounts. Mr. Minter has been aware of the federal investigation since June of 2023 and voluntarily surrendered on the federal warrant in this case.

## **DISCUSSION**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). The charge against Mr. Minter is serious, but the Bail Reform Act preserves his presumption of innocence. §

3142(j). The Court also considers the weight of the evidence, which is strong. However, Mr. Minter was aware of this investigation since June of 2023, and he voluntarily surrendered on the federal warrant.

      The Court takes into account Mr. Minter's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

      Mr. Minter has strong family and community ties in the St. Louis region. He has lived and worked in St. Louis for many years and financially helps to support his home. Mr. Minter is financially stable and suffers from no physical or mental health problems. He does not have a passport. Nor does he have a history of substance abuse. He has no criminal convictions and successfully completed the term of probation on his SIS. He is in compliance with the Missouri Sex Offender Registration. Mr. Minter does not have a history of failing to appear in court. The Court will impose strict conditions of release sufficient to reasonably assure the safety of the community.

      The Court will impose conditions of release which preclude Mr. Minter from using or possessing any controlled substances and possessing any weapons. He will be prohibited from drinking alcohol and will be subjected to drug testing. Strict conditions will be imposed to limit his access to the internet, preclude his access to social media, and prohibit his access to pornography. The Court will limit his travel to the Eastern District of Missouri.

      The Court must consider the nature and seriousness of the danger which would be posed by Mr. Minter's release. The Court is mindful of the seriousness of the charge against Mr. Minter, but believes these strict conditions of release will reasonably assure his appearance in

court and the safety of the community. Finally, the Court may inquire as to the source of the funds used to post Mr. Minter's bail. However, the Court sees no need to make such an inquiry as the Court will release Mr. Minter on his own recognizance.

The Court has carefully considered the Government's motion for detention. After considering all of these matters, the Court will release Mr. Minter on a set of conditions which will reasonably assure his appearance and the safety of the community. With these conditions in place, the Court does not find by a preponderance of the evidence that there is a serious risk Mr. Minter will not appear as required. Nor does the Court find by clear and convincing evidence that there is a serious risk he will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention, (ECF No. 4), is DENIED.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of May, 2024.